ETHEL B. LORD AND ELMER LORD, Jr., PLAINTIFFS, v. PAUL FREDERICI, ATTILIO PACCHIAROTTI, JESSE PACCHIAROTTI, GALLO BROTHERS, INCORPORATED, THE TOWN OF DOVER, A MUNICIPAL CORPORATION, AND ASSOCIATED GAS AND ELECTRIC SYSTEM, A CORPORATION, DEFENDANTS.

Decided March 28, 1932.

For the plaintiffs, *Elmer W. Romine.*

For the defendant, *Samuel C. Meyerson.*

LAWRENCE, S. C. C. This is a motion addressed to me as a Supreme Court commissioner, in behalf of the defendants Frederici, Pacchiarotti and the town of Dover. Incorporated in the notice is an application to strike an amended complaint, served, it appears, as in an original suit, with a summons in the usual form to all the defendants, on the ground that another and prior action is still pending, embracing the same subject-matter; that the second suit is vexatious and filed to harrass and annoy defendants; that the complaint does not set forth a cause of action, in that it alleges no violation of any duty owing plaintiffs by defendants or specify wherein they were negligent; and finally, as a part of the notice of the motion, is a further application to *non pros.* the first suit—so-called—on the ground that it has not been noticed for trial for two or more successive terms of the Morris Circuit. Evidently the latter is intended to be submitted to me as the trial judge. I so consider it.

On July 18th, 1930, plaintiffs brought suit against the defendants Frederici, Gallo Brothers, Incorporated, and the town of Dover, alleging in the complaint, that on or about December 19th, 1929, Frederici was the owner of a certain building on West Blackwell street, in the town of Dover, in front of which was a sidewalk, a portion of which had been removed and an excavation made; that this excavation had been negligently permitted and allowed to remain in a dangerous condition, especially in the night time, without any warning or notice of its presence, so that while Mrs. Lord was walking along the sidewalk, without any negligence on her part, and unaware of its torn-up condition, she fell and was injured.

The defendants were charged, in separate counts, with being responsible for making the alleged excavation and negligently failing to guard it. Answers were filed and the case noticed for trial at the October term of the Circuit, as a Supreme Court issue. It was either not moved or reached, and does not appear to have been again noticed or carried over. The reason may be indicated by the fact that in the fall of 1931, counsel for plaintiffs applied to Mr. Justice Parker for leave to bring in as additional defendants the Pacchiarottis and Associated Gas and Electric System, a corporation. The application was granted, but instead of amending the original complaint, and following the procedure pointed out in the Practice act, a new suit was instituted on November 27th, 1931, in which all of the present defendants are named as parties and charged separately with negligently causing the excavation in question and in leaving it improperly protected as to the plaintiff, Mrs. Lord, and others having a lawful right to use the sidewalk. This suit is at issue, but whether it was so in time to have been noticed at the January term, 1932, does not appear and no point is made of it. It is assumed that it will be regularly noticed for trial at the May term of the Circuit.

Since the new suit was brought within the statutory period, it is supposed that the first has been abandoned and that a discontinuance will be entered. If this is done, as it should

be, then the purpose of the present motion fails or becomes unnecessary to pursue, and the pending suit may go to trial. The criticism of the so-called amended complaint is not found to be justified; it does set forth a cause of action sufficiently, and while it may be that the proofs offered under it may not be adequate to fix liability on any or all of the defendants, that question cannot be disposed of by motion in advance of trial.

So far as the motion relates to the complaint in question, the application to strike will be denied; that part of it based on the pendency of the first suit covering the same subject-matter as the second is not regarded as properly before me as a Supreme Court commissioner; and the application to *non pros.* the former for failure to notice it for trial for four terms will be granted by me as the trial judge at the Circuit, unless a discontinuance be entered within ten days from the entry of the rule which may be submitted in accordance with the disposition of the motion here indicated. Costs to abide the result of the suit.